UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WALTER M. LEACH, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v.  ) | CAUSE NO. 3:07-CV-050 RM |
| ) | |
| ALLAN FINNAN, ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

Walter M. Leach, a *pro se* prisoner, filed a habeas corpus petition challenging his 95 year conviction and sentence by the Elkhart Circuit Court in case number 20C01-9507-CF-00033 on February 15, 1996. This case has been fully briefed and is now ripe for ruling.

Habeas Corpus petitions are subject to a one year statute of limitations.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The dispute in this case does not concern when the 1-year period of limitation began pursuant to subparagraph 1. Neither is there a dispute that a post-conviction relief petition was filed that tolled the 1-year period of limitation. Though the respondent believes that some of the 1-year period of limitation may have run before the post-conviction relief petition was filed, because the respondent's untimeliness argument does not depend on any time being lost before the post-conviction relief proceeding was concluded, the court will address only the dispute over when and how the post-conviction relief proceeding ceased to toll the 1-year period of limitation.

Subparagraph 2 provides that the 1-year period of limitation is tolled during the time when a properly filed post-conviction relief petition is pending in state court. The dispute in this case is over how long the post-conviction relief petition was properly pending. Mr. Leach argues that his notice of appeal in the post-conviction relief proceeding was timely filed, but the Court of Appeals of Indiana disagreed with him. It ruled that,

> Appellant failed to timely appeal from the denials of his petition for post-conviction relief, his Motion of Error Coram Nobis With Error in Law, and his Motion to Set Aside Judgment. Consequently, this appeal is DISMISSED WITH PREJUDICE.

Leach v. State, No. 20A03-0608-PC-364 (Ind. Ct. App. October 17, 2006), DE 20-7 at 3. Because the Indiana Court of Appeals determined that Mr. Leach's notice of appeal was not properly filed, the 1-year period of limitation ceased to be tolled once the lower court concluded its review of his post-conviction relief petition on November 21, 2005. *See* Pace

v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).")

Therefore, as of November 21, 2005, Mr. Leach had, at most, one year to file a federal habeas corpus petition: until November 21, 2006. This petition was received by the clerk on February 7, 2007. Giving Mr. Leach the benefit of the mailbox rule[1] because he is a prisoner, the habeas petition could not have been mailed before January 31, 2007.[2] Therefore it is untimely by more than two months.

Finally, Mr. Leach filed a motion asking the court to hold an evidentiary hearing and to expand the record. Because the petition is untimely, there is no basis for either holding a hearing or expanding the record. Therefore these motions will be denied.

For the foregoing reasons, the court:

(1) DENIES the motion for an evidentiary hearing (docket # 29);

(2) DENIES the motion to expand the record (docket # 30); and

(3) DENIES the habeas corpus petition as untimely.

---

[1] *See* Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001) ("We need not decide here whether there is any kind of paper, or any circumstance, under which a district court would be entitled to hold a *pro se* prisoner litigant to an actual receipt standard, but we are confident that this would be an exceptional situation.")

[2] The signature on the habeas corpus petition is not dated. The signature on the *in forma pauperis* petition is dated February 22, 2007, but that date cannot be correct because the clerk received the filing more than two weeks before then, on February 7, 2007. Nevertheless, the Official Certificate of Prisoner Account on the *in forma pauperis* petition was signed by a prison official on January 31, 2007. Furthermore, the inmate trust fund account ledger was printed by the prison's computer system on January 31, 2007. Therefore it appears that the habeas corpus petition could not have been mailed before January 31, 2007.

SO ORDERED.

ENTERED: May  2 , 2008

                                                    /s/ Robert L. Miller, Jr.
                                                  Chief Judge
                                                  United State District Court